542 S.E.2d 852

Timothy HAFER, Petitioner
Below, Appellant,

v.

Robert SKINNER, Esq., Acting as Successor Trustee, Howard Collins, Margaret L. Collins, Cyrus M. Grubb, III, and Ronald K. Collins, Respondents Below, Appellees.

No. 27767.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 5, 2000.

Robert E. Barrat, Esq., Martinsburg, for Appellant.

Kenneth J. Barton, Jr., Esq., Gregory A. Bailey, Esq., Steptoe & Johnson, Martinsburg, for Appellees.

PER CURIAM.

This is an appeal by Timothy Hafer from an order of the Circuit Court of Berkeley County rejecting his petition to set aside a trustee's sale. In rejecting the petition, the circuit court granted the respondents summary judgment. Mr. Hafer, in the present proceeding, contends, among other things, that as a matter of law, the trustee's sale which he sought to have set aside was improperly conducted and that the price received by the trustee was grossly inadequate and that the trial court, under the circumstances, erred in refusing to grant him the relief which he sought.

## I.

### FACTS

In 1987, a group of individuals, including the appellant Timothy Hafer, acting as "K.T.L. Partnership" purchased a parcel of real estate located in Martinsburg, West Virginia, for $22,000. The sellers, Howard W. Collins and Margaret L. Collins, loaned "K.T.L. Partnership" $20,900 of the $22,000 purchase price. As a consequence, the partners executed a note payable to the sellers, and also executed a deed of trust to secure the loan. Martinsburg attorneys John L. Van Metre, Jr. and Lucien G. Lewin were named as trustees under that deed of trust. The deed of trust contained language which specified how substitute trustees might be appointed. The substitution language stated:

> **20. Substitute Trustee.** Lender at its option may from time to time, without notice, remove any person or persons herein or hereafter designated as Trustee and appoint a successor Trustee to any Trustee appointed herein or hereafter by an instrument recorded in any County in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law. Trustee is hereby authorized to act by agent or attorney in the execution of this trust.

"K.T.L. Partnership," in time, failed to make certain payments due under the note, and on July 30, 1998, Robert Skinner, an attorney, sent letters demanding payment of the loan. While it appears that Howard and Margaret Collins, the secured parties, may have authorized Mr. Skinner to take this action, no instrument was, at that time, recorded in Berkeley County substituting Mr. Skinner for Mr. Van Metre and Mr. Lewin as trustee under the deed of trust.

On October 2 and October 9, 1998, Mr. Skinner, asserting that he was a substitute trustee, advertised the sale of the real estate secured by the deed of trust in a Matinsburg newspaper, *The Journal.* The advertisement announced a "Notice of Substitute Trustee's Sale of Valuable Real Estate."

On October 16, 1998, seven days after the last advertisement, Mr. Skinner sold the property at the advertised sale for $5,000.

At 9:57 a.m. on October 16, 1998, approximately one hour after conducting the sale, Mr. Skinner recorded a "Deed of Substitution of Trustee" in the Office of the Clerk of the County Commission of Berkeley County. By that document, Howard and Margaret Collins authorized Robert Skinner to act as trustee in place of John L. Van Metre and Lucian Lewin.

Following the foreclosure sale, Mr. Skinner instituted a deficiency proceeding in the Circuit Court of Berkeley County. In that proceeding, Mr. Skinner sought judgment on behalf of Howard and Margaret Collins for over $8,000, the amount of the deficiency in the sale price, together with the costs of the sale.

Subsequently, in February 1999, Timothy Hafer, the appellant in the present proceeding, instituted an action in the Circuit Court of Berkeley County to set aside the trustee's sale. In the complaint instituting the action, Mr. Hafer alleged that the sale had not been conducted in accordance with the provisions of the West Virginia Code relating to trustee's sales, and that the sale had violated the West Virginia Consumer Credit and Protection Act. He also claimed that the price received was grossly inadequate.

Following the institution of Mr. Hafer's action, various documents were filed, and on June 10, 1999, counsel for Mr. Skinner moved for summary judgment. His motion was accompanied by a memorandum of law and eight exhibits. Mr. Hafer filed a counter-motion for summary judgment and a memorandum in opposition.

The Circuit Court of Berkeley County took the motions for summary judgment under consideration, and by order dated July 22, 1999, granted Mr. Skinner's motion. The court ruled solely on the basis of the pleadings and the documents filed without conducting a hearing. In granting summary judgment, the circuit court found, among other things, that: "The undisputed evidence shows that Respondent Successor Trustee Robert R. Skinner, Esq. complied with all applicable provisions of West Virginia law in conducting the trustee sale of the subject property . . . ."

It is from the grant of summary judgment that Timothy Hafer now appeals. He argues, among other things, that Robert Skinner was not authorized to act as trustee at the time of the sale. Mr. Skinner, on the other hand, argues that there is no genuine issue of material fact that he, as substitute trustee, complied with the applicable provisions of West Virginia's law governing foreclosures and that Mr. Hafer's challenge to the foreclosure sale is without merit.

## II.

### STANDARD OF REVIEW

■ This Court has indicated that a summary judgment should be reviewed *de novo. Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court has also indicated that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). Lastly, the Court has stated that in determining whether there is a genuine issue of material fact in a case, the Court will construe the facts in the light most favorable to the losing party. *Alpine Property Owners Association, Inc. v. Mountaintop Development Company,* 179 W.Va. 12, 365 S.E.2d 57 (1987).

## III.

### DISCUSSION

■ As has been previously stated, Mr. Hafer claims, on appeal, that Mr. Skinner was not authorized to act as trustee at the time he conducted the sale involved in the present case, and he argues that, under the

circumstances, the trial court should have set aside the sale as an invalid sale.

The undisputed facts of this case show that in the deed of trust which the K.T.L. partners signed, John L. Van Metre, Jr., and Lucian Lewin were appointed trustees. As such, Mr. Van Metre and Mr. Lewin had authority to conduct an appropriate sale under the deed of trust. The undisputed facts also show that the deed of trust contained a substitution-of-trustee clause authorizing a substitution to be made by filing an instrument in the office of the County Clerk of Berkeley County and that such an instrument was filed substituting Mr. Skinner for Mr. Van Metre and Mr. Lewin, but that it was filed only after the sale had been completed. Since, as will hereafter be discussed, the Court believes that these are the facts governing the disposition of this case, and since these facts are not in dispute, the Court believes that summary judgment, from a procedural point of view, was appropriate under the rule set forth in Syllabus Point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York, supra.* However, as will hereafter appear, the Court believes that the ultimate conclusion reached by the circuit court was erroneous.

West Virginia law recognizes that under certain circumstances, it may be necessary or desirable for there to be a substitution of trustees under a deed of trust. When such a circumstance rises, W. Va.Code 44–14–1 specifies how a secured party, or a surety, may accomplish the substitution. A portion of W. Va.Code 44–14–1, W. Va.Code 44–14–1(a), authorizes a circuit court, upon motion of an appropriate party, to appoint a substitute trustee. A second portion, W. Va.Code 44–14–1(b), provides an alternative procedure, which may apply in certain circumstances, and which will relieve the party seeking substitution of the burden of going to court. That statutory section specifically provides:

> (b) As an alternative to the method of substitution provided for in subsection (a) of this section, in the case of a trust deed to secure a debt or obligation if the trust deed does not by its terms prescribe a method for substitution, the party secured by the trust deed, or any surety indemni-

fied by the deed, or the assignee or personal representative of any such secured party or surety has the authority, in the event of such death, removal, declination, resignation, refusal or inability as is described in subsection (a), to substitute a trustee or trustees in the place of the trustee or trustees named in such instrument, independent of any court action otherwise required by the provisions of subsection (a).

W. Va.Code 44–14–1(b).

A careful reading of this section suggests that it actually contemplates two possible situations, the first where a trust deed prescribes a method for substitution, and the second "if the trust deed does not by its terms prescribe a method of substitution." If the trust deed does not prescribe a method of substitution, W. Va.Code 44–14–2(b) states that a substitution may be made by mailing copies of a notice of substitution to certain individuals and by presenting "the original of such notice to the clerk of the county commission in whose office the trust deed is recorded, causing such notice to be recorded and indexed in a general lien book or other such appropriate book wherein trust deeds or assignments of trust deeds are recorded." W. Va.Code 44–14–2(b).

In the present case, no party requested that the court appoint a substitute trustee under W. Va.Code 44–14–1(a). Rather, the alternative approach was used, and since the deed of trust by its own terms prescribed a method of substitution, the Court believes that the validity of the substitution is governed by those terms.

As has been stated previously, Item 20 of the deed of trust has a "Substitute Trustee" provision, and that provision states, in relevant part, "Lender ... may ... appoint a successor Trustee ... by an instrument recorded in any County in which this Deed of Trust is recorded."

This Court believes that the clear meaning of this language is that the substitution is, or would be, accomplished when the appropriate notice is, or has been recorded in the appropriate county, Berkeley County.

There is no dispute that the facts show that no notice of the substitution of Mr. Skinner as trustee for Mr. Van Metre and Mr. Lewin was filed in the Office of the Clerk of the county Commission of Berkeley County until after the deed of trust sale was conducted. They, in effect, show that Mr. Van Metre and that Mr. Lewin were the trustees at the time of the sale and that no substitution of Mr. Skinner had yet been accomplished, and that as a consequence, Mr. Skinner lacked authority to act as trustee at the time of the sale or to sell the property in accordance with the terms of the deed of trust.

In view of this, this Court believes that the trial court should have set aside the trustee's sale as a nullity and that the court's refusal to do so constituted reversible error.

■ The Court notes that Mr. Hafer makes a number of other assignments of error. For instance, he claims that the sale violated the West Virginia Consumer Credit and Protection Act, W. Va.Code 46A–1–101, *et seq.* This claim is without merit since the Consumer Credit and Protection Act covers only "consumer" loans, and a "consumer loan" is defined by W. Va.Code 46A–1–102(15) as:

> "Consumer loan" is a loan made by a person regularly engaged in the business of making loans in which:
>
> (a) The debtor is a person other than an organization; . . .

The loan in the present case was made to "K.T.L. Partnership," an organization.

The remainder of Mr. Hafer's assignments of error relate to the notice given of the trustee's sale in the present case, as well as the adequacy of the price received at the sale. Since the Court has already concluded that the trustee lacked authority to conduct the sale, since the law relating to notice is rather clearly spelled out in West Virginia's statutes and since the law relating to adequacy of price is discussed in other opinions, the Court believes that it is unnecessary to discuss those points here.

For the reasons stated, the judgment of the Circuit Court of Berkeley County is reversed, and this case is remanded with directions that the circuit court set aside the trustee's sale involved in this case.

Reversed and remanded with directions.