**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-1187**

—————————

RICKY HENSON; IAN MATTHEW GLOVER; KAREN PACOULOUTE, f/k/a
Karen Welcome Kuteyi; PAULETTE HOUSE,

        Plaintiffs - Appellants,

    v.

SANTANDER CONSUMER USA, INC.,

        Defendant - Appellee,

    and

COMMERCIAL RECOVERY SYSTEMS, INC.; NCB MANAGEMENT SERVICES,
INCORPORATED,

        Defendants.

-------------------------

AARP; NATIONAL CONSUMER LAW CENTER; NATIONAL ASSOCIATION OF
CONSUMER ADVOCATES; CIVIL JUSTICE, INC.; PUBLIC JUSTICE
CENTER, INC.; MARYLAND CONSUMER RIGHTS COALITION, INC.;
ATTORNEY GENERAL OF MARYLAND,

        Amici Supporting Appellants.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:12-cv-03519-RDB)

—————————

Argued: December 9, 2015        Decided: March 23, 2016

—————————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Duncan and Judge Agee joined.

**ARGUED:** Cory Lev Zajdel, Z LAW, LLC, Reisterstown, Maryland, for Appellants. Kim M. Watterson, REED SMITH LLP, Pittsburgh, Pennsylvania, for Appellee. **ON BRIEF:** Travis Sabalewski, Robert Luck Jr., Richmond, Virginia, Richard L. Heppner, REED SMITH LLP, Pittsburgh, Pennsylvania, for Appellee. Julie Nepveu, AARP FOUNDATION LITIGATION, Washington, D.C., for Amicus AARP. Joseph S. Mack, Catherine Gonzalez, CIVIL JUSTICE, INC., Baltimore, Maryland; Brian E. Frosh, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Amici Attorney General of Maryland, Civil Justice, Inc., Maryland Consumer Rights Coalition, Inc., National Association of Consumer Advocates, National Consumer Law Center and Public Justice Center, Inc.

NIEMEYER, Circuit Judge:

Four Maryland consumers commenced this action against Santander Consumer USA, Inc., and its agents, alleging that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by engaging in prohibited collection practices when collecting on the plaintiffs' automobile loans. The loans were originally made by CitiFinancial Auto, and, after the plaintiffs were unable to make payments, CitiFinancial Auto foreclosed on the loans, leaving the plaintiffs obligated to pay deficiencies. CitiFinancial Auto then sold the defaulted loans to Santander as part of an investment bundle of receivables, and Santander thereafter attempted to collect on the loans it had purchased.

The district court granted Santander's motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint did not allege facts showing that Santander qualified as a "debt collector" subject to the FDCPA. The court concluded that the complaint demonstrated that Santander was a consumer finance company that was collecting debts on its own behalf as a creditor and that the FDCPA generally does not regulate creditors collecting on debt owed to themselves.

We affirm. While the FDCPA is a somewhat complex and technical regulation of debt collector practices, we conclude

3

that it generally does not regulate creditors when they collect debt on their own account and that, on the facts alleged by the plaintiffs, Santander became a creditor when it purchased the loans before engaging in the challenged practices.

I

Ricky Henson, Ian Glover, Karen Pacouloute, and Paulette House, Maryland consumers who are the plaintiffs in this action, each signed a retail installment sales contract with CitiFinancial Auto Credit, Inc., CitiFinancial Auto Corp., or CitiFinancial Auto, LTD (collectively, "CitiFinancial Auto") to finance the purchase of an automobile. When the plaintiffs were unable to make the payments required by the contracts and thereby defaulted, CitiFinancial Auto repossessed and sold their vehicles and subsequently informed each plaintiff that he or she owed a deficiency balance.

On December 1, 2011, CitiFinancial Auto sold $3.55 billion in loan receivables, including the plaintiffs' defaulted loans, to Santander, a consumer finance company. The plaintiffs allege that, as part of its business, Santander "acquires defaulted consumer debt . . . for a few cents on the dollar."

Thereafter, Santander and its agents, presumably in an effort to collect more than the few cents on the dollar that it paid for defaulted loans, "began communicating with [the

4

plaintiffs] . . . in an attempt to collect on the alleged debts." And during the course of those communications, Santander and its agents allegedly misrepresented the amount of the debt and their entitlement to collect it.

The plaintiffs commenced this action in November 2012 against Santander and its agents, alleging that they violated the FDCPA in pursuing the debts and in the manner they pursued them. In their complaint, they proposed to represent a class of certain debtors "who were subjected to debt collection efforts by Santander Consumer USA, Inc. on or after December 1, 2011," the date on which Santander purchased the receivables from CitiFinancial Auto.

Santander filed a motion to dismiss the complaint against it under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint's allegations did not demonstrate that Santander qualified as a "debt collector," as necessary to trigger liability under the FDCPA, and the district court granted the motion by order dated May 6, 2014. In its supporting opinion, the court noted that the FDCPA applies to "debt collectors," as that term is defined in the Act, but not to "creditors collecting debts in their own names and whose primary business is not debt collection." In reaching its conclusion, the court rejected the plaintiffs' argument that, because the plaintiffs' loans were in default when Santander

5

acquired them from CitiFinancial Auto, Santander qualified as a debt collector under the FDCPA, rather than as a creditor.

The plaintiffs filed this appeal, presenting the single issue of whether, as necessary to state an FDCPA claim, their complaint adequately alleged that Santander was acting as a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6), when it engaged in the collection practices challenged in the suit.

## II

In their brief on appeal, the plaintiffs state their position that Santander was a "debt collector," subject to regulation by the FDCPA, based on the following reasoning:

> The terms "debt collector" and "creditor" are mutually exclusive under the FDCPA. An entity can be either a "debt collector" or a "creditor" in any particular transaction. The determining factor of whether an entity is a "debt collector" or "creditor" in any particular transaction when the entity in question is not the originating lender is whether the debt was acquired prior to default or after default. Since Santander acquired [the plaintiffs'] debts from the original lender well after each [plaintiff] defaulted on their debt, Santander's collection activities on these defaulted debts make[] it a "debt collector."

(Emphasis added). To make their argument, the plaintiffs rely on their interpretations of 15 U.S.C. §§ 1692a(4) and 1692a(6), which define "creditor" and "debt collector," respectively. Their argument rests on the premise that the FDCPA regulates debt collectors, not creditors, and that the two terms, as used

6

in the Act, are mutually exclusive.  See Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012); FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir. 2007).  Thus, they reason, because § 1692a(4) excludes from the definition of creditor "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another," such person must of logical necessity be a debt collector. Because Santander fits, as they argue, the exclusion from the definition of "creditor," it must therefore be a "debt collector."  They claim that this conclusion is fortified by one of the exclusions to the definition of "debt collector."  See 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of debt collector "any person collecting or attempting to collect any debt . . . owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained" (emphasis added).  At bottom, they maintain that the default status of debt determines whether a purchaser of debt, such as Santander, is a debt collector or a creditor.

The plaintiffs' argument, however, contains several interpretational and logical flaws, such that their interpretation of the FDCPA ultimately stands in tension with its plain language.  When arguing from the definition of creditor, they overlook the fact that the exclusion applies only

7

to a person who receives defaulted debt "solely for the purpose of facilitating collection . . . for another." 15 U.S.C. § 1692a(4) (emphasis added). Similarly, in relying on the exclusion in § 1692a(6)(F)(iii), they fail to address whether Santander fits under any definition of "debt collector" before addressing whether the (F)(iii) exclusion applies.

We conclude that the default status of a debt has no bearing on whether a person qualifies as a debt collector under the threshold definition set forth in 15 U.S.C. § 1692a(6). That determination is ordinarily based on whether a person collects debt on behalf of others or for its own account, the main exception being when the "principal purpose" of the person's business is to collect debt.

We begin our explanation by noting at a general level that the FDCPA purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted. With limited exceptions, a debt collector thus collects debt on behalf of a creditor. A creditor, on the other hand, is a person to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector.

The FDCPA's definitions of debt collector and creditor bear out this distinction.

The definition of debt collector, which is contained in § 1692a(6), is comprised of two parts. The first part defines the classes of persons that are <u>included</u> within the term "debt collector," while the second part defines those classes of persons that are <u>excluded</u> from the definition of debt collector. The first part, defining those who are included, provides in relevant part:

> The term "debt collector" means any person [1] who uses any instrumentality of interstate commerce or the mails in any business <u>the principal purpose of which is the collection of any debts</u>, or [2] who <u>regularly collects</u> or attempts to collect, directly or indirectly, <u>debts owed or due or asserted to be owed or due another</u>. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor [3] who, in the process of collecting his own debts, <u>uses any name other than his own</u> which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6) (emphasis added). Stated more simply, this provision defines a debt collector as (1) a person whose <u>principal purpose</u> is to collect debts; (2) a person who <u>regularly</u> collects debts <u>owed to another</u>; or (3) a person who collects <u>its own debts</u>, using <u>a name other than its own</u> as if it were a debt collector.

The second part of § 1692a(6) defines the classes of persons that are excluded from the definition of debt collector, so that a person who meets one of the definitions of debt collector contained in the first part of § 1692a(6) will not

9

qualify as such if it falls within one of the exclusions. As relevant here, exclusion (F)(iii) provides that "[t]he term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). To simplify, this exclusion means that a person collecting nondefaulted debts on behalf of others is not a debt collector. This exclusion was intended by Congress to protect those entities that function as loan servicers for debt not in default. See S. Rep. No. 95-382, at 3-4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing" (emphasis added)).

Thus, the overall structure of § 1692a(6) makes clear that when assessing whether a person qualifies as a "debt collector," we must first determine whether the person satisfies one of the statutory definitions given in the main text of § 1692a(6) before considering whether that person falls into one of the exclusions contained in subsections § 1692a(6)(A)-(F). If a person does not satisfy one of the definitions in the main text,

10

the exclusions in subsections § 1692a(6)(A)-(F) do not come into play. See Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1314 (11th Cir. 2015) ("[W]here a person does not fall within subsection (F) or any one of the six statutory exclusions, he is not deemed a 'debt collector' as a matter of course. [Instead], . . . he must satisfy the Act's substantive requirements").

The material distinction between a debt collector and a creditor -- at least with respect to the second definition of "debt collector" provided by § 1692a(6) -- is therefore whether a person's regular collection activity is only for itself (a creditor) or whether it regularly collects for others (a debt collector) -- not, as the plaintiffs urge, whether the debt was in default when the person acquired it. See Heintz v. Jenkins, 514 U.S. 291, 293 (1995) ("The Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another'" (alteration in original) (quoting § 1692a(6))); see also Davidson, 797 F.3d at 1315-16 ("The statutory text is entirely transparent. . . . [A] person must regularly collect or attempt to collect debts for others in order to qualify as a 'debt collector' under the second definition of the term"); S. Rep. No. 95-382, at 3 ("The Committee intends the term 'debt collector,' subject to the exclusions discussed below, to cover

11

all third persons who regularly collect debts for others" (emphasis added)). But see Bridge, 681 F.3d at 359; Ruth v. Triumph P'ships, 577 F.3d 790, 796-97 (7th Cir. 2009); Check Investors, 502 F.3d at 173.

With this interpretation of § 1692a(6), we turn to the complaint in this case to assess what it states about Santander. The complaint alleges that the plaintiffs borrowed money from CitiFinancial Auto to purchase automobiles and that, when the plaintiffs went into default on the loans, CitiFinancial Auto repossessed and sold their automobiles, leaving them owing deficiency balances. It also alleges that when the loans were in default but before December 1, 2011, Santander was "hired . . . as a servicer to collect" on the loans, presumably on behalf of CitiFinancial Auto.

But the very next paragraph of the complaint alleges that on December 1, 2011, CitiFinancial Auto sold the plaintiffs' loans to Santander. Only thereafter, when Santander began collecting from the plaintiffs on the loans that it had purchased, did Santander engage in the conduct that the plaintiffs allege was in violation of the FDCPA. Specifically, the complaint alleges that after December 1, 2011, Santander improperly contacted the borrowers directly, misrepresented the amounts owed, and misrepresented the fact that Santander was entitled to collect on the loans. Importantly, however, the

12

complaint does not allege that, when Santander engaged in the allegedly illegal collection practices, it was collecting the debts on behalf of CitiFinancial Auto. Rather, it alleges that CitiFinancial Auto had sold the loans to Santander, presumably "for a few cents on the dollar," thus leaving Santander to collect on the debts for its own account. And this allegation is consistent with public SEC filings, which reveal that Santander purchased $3.55 billion in loan receivables from CitiFinancial Auto on December 1, 2011, following which Santander presumably attempted to obtain a return by collecting more than a few cents on the dollar through its collection efforts.

Applying these allegations to the definition of debt collector in § 1692a(6), it is apparent that Santander does not fall within the first or third definitions of debt collector. The complaint does not allege, nor do the plaintiffs argue, that Santander's principal business was to collect debt, alleging instead that Santander was a consumer finance company. The complaint also does not allege, nor do the plaintiffs contend, that Santander was using a name other than its own in collecting the debts. Thus, to allege that Santander was a debt collector, the complaint is left to satisfy the second definition of debt collector -- that Santander regularly collects debts owed to others and was doing so here.

13

Yet, the complaint's allegations also do not satisfy this definition because the debts that Santander was collecting were owed to it, Santander, not to another. This is alleged specifically and unambiguously. The complaint asserts that after Santander purchased the plaintiffs' debts on December 1, 2011 (and became the entity to which the debts were owed), it engaged in collection efforts that violated the FDCPA. Thus, those collection efforts were pursued for its own account, as the loans were then owed to it. Santander was therefore not a person collecting a debt on behalf of another, so as to qualify as a debt collector under the second definition, but on behalf of itself, making it a creditor.

Because the complaint does not satisfy any definition of debt collector, the analysis ends, and the exclusions from the definition of debt collector, on which the plaintiffs rely, have no significance.

Nonetheless, the plaintiffs argue that the default status of a debt is determinative of whether a person who purchased the debt is a debt collector, pointing to exclusion (F)(iii), which excludes from the class of persons defined as a debt collector "any person collecting or attempting to collect any debt owed or due . . . another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).

14

They argue that because that provision excludes persons collecting debts not in default, the definition of debt collector must, by a negative pregnant, necessarily include persons collecting defaulted debts that they did not originate. This logic, however, turns the statutory provision upside down, failing to recognize that the FDCPA defines debt collector by reference to those who are included in the various classes and then excludes, among others, the subset of persons who obtain nondefaulted debt to collect on it for others. As noted earlier, this exclusion was included by Congress to protect mortgage service companies and similar loan servicers who acquire debt not in default and service it for a fee. The exclusion thus does not define "debt collector," but rather identifies a class of persons excluded from the definition of "debt collector."

In a similar vein, the plaintiffs argue that the definition of creditor supports their position that the default status of a debt defines whether a person attempting to collect that debt is a debt collector. In making this argument, they rely on the exclusion to the definition of creditor but, in doing so, the plaintiffs again apply the same kind of upside-down logic that relies on an inaccurate premise and a negative pregnant that does not follow.

15

The term "creditor" is defined by the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). The definition then excludes "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. The plaintiffs argue that Santander fits the creditor exclusion and therefore must necessarily be a debt collector.

The logic does not follow, mainly because debt collector is defined separately and that definition, rather than some implied definition, is determinative. But the logic is flawed even more fundamentally because the premise that Santander satisfies the exclusion is incorrect. In arguing that Santander satisfies the exclusion, the plaintiffs recharacterize the facts they alleged in the complaint, stating in their brief that, "although Santander currently owns [the plaintiffs'] debts, those debts were assigned to Santander after default and solely for the purpose of facilitating collection of the debts for CitiFinancial [Auto]." (Emphasis added). But the facts that the plaintiffs presume in their brief are not the facts of their complaint. The complaint alleges that CitiFinancial Auto sold the loans to Santander and that Santander thereafter attempted to collect on them for its own account. Santander was, at the time of its allegedly illegal collection conduct, the

16

plaintiffs' creditor, and nothing in the complaint suggests that it was acting on behalf of CitiFinancial Auto. The complaint does allege that before CitiFinancial Auto sold the loans to Santander, CitiFinancial Auto had "hired" Santander as a servicer to collect the plaintiffs' defaulted debt. But any conduct that Santander might have carried out as a debt servicer on CitiFinancial Auto's behalf was carried out before the debts were sold to Santander and before Santander engaged in the allegedly illegal collection conduct.

Apart from their argument based on the default status of debt, the plaintiffs also seek to avoid the interpretation of "debt collector" that we make, arguing that the second definition of debt collector in § 1692a(6) includes two separate classes of persons, one of which regularly collects "debts owed or due" and the other of which regularly collects "debts . . . asserted to be owed or due another." They argue that Santander fits into the first class of persons, even if it does not fit into the second, because the word "another" applies only to the second. To make this argument, however, the plaintiffs break in two the singular statutory phrase in § 1692a(6), which defines debt collector as including any person who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another," 15 U.S.C. § 1692a(6) (emphasis added), arguing that the term "another" modifies only the portion of the

last phrase, "asserted to be owed or due another." We do not agree. While Congress did break up the definition of debt collector in § 1692a(6), defining several distinct classes of persons who qualify as a debt collector, it did not divide the "regularly collects" phrase. As the phrase is written, the word "another" modifies both "owed or due" and "asserted to be owed or due," so that the phrase defines a debt collector as including a person who collects debt due another or asserted to be due another. Cf. Paroline v. United States, 134 S. Ct. 1710, 1721 (2014) ("When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all" (quoting Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 348 (1920))).

In another attempt to avoid our interpretation, the plaintiffs argue that "debts owed or due another" could refer to debts that were due another either when they were first incurred or at the time of the collection activity. Thus, according to the plaintiffs, when Santander collected on the debts that it had purchased, it could be seen as having acted to collect the debts of another because the loans were originally due to CitiFinancial Auto. This argument, however, is no more persuasive. Insofar as Congress was regulating debt-collector conduct, defining the term "debt collector" to include a person

18

who regularly collects debts owed to another, it had to be referring to debts as they existed <u>at the time of the conduct</u> that is subject to regulation. <u>See</u> <u>Davidson</u>, 797 F.3d at 1318 ("[O]ur inquiry under § 1692a(6) is not whether Capital One regularly collects on debts <u>originally</u> owed or due another and now owed to Capital One; our inquiry is whether Capital One regularly collects on debts owed or due another at the time of collection"); <u>see also</u> <u>Schlegel v. Wells Fargo Bank, NA</u>, 720 F.3d 1204, 1209 (9th Cir. 2013) ("The statute is not susceptible to the [plaintiffs'] interpretation that 'owed or due another' means 'originally owed or due another'").

Finally, the plaintiffs argue that because Santander had, before December 1, 2011, been a debt collector with respect to their loans, it remained a debt collector after it purchased their loans and thereafter collected on them. They suggest that Santander's <u>status</u> as a debt collector, generally, made it subject to regulation. As they summarize:

> In order for this Court to hold that Santander is not a "debt collector" with respect to [plaintiffs'] defaulted debts, this Court would have to create a loophole in the FDCPA that allows an entity acting as a "debt collector" while servicing . . . defaulted debts to become a "creditor" simply by purchasing the defaulted debt it was collecting for another.

Again, we reject this argument. Under the plaintiffs' interpretation, a company such as Santander -- which, as a consumer finance company, lends money, services loans, collects

19

debt for itself, collects debt for others, and otherwise engages in borrowing and investing its capital -- would be subject to the FDCPA for all of its collection activities simply because one of its several activities involves the collection of debts for others. Congress did not intend this. Rather, it aimed at abusive conduct by persons who were acting as debt collectors. See 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors"). It therefore provided that, barring application of one of the exclusions, an entity that "collects or attempts to collect . . . debts owed or due . . . another" on a regular basis qualifies as a debt collector when it engages in collection activity on behalf of another. Id. § 1692a(6). But when that same entity acts to collect its own debts, it is acting as a creditor, not a debt collector. See id. §§ 1692a(4), 1692a(6). Santander is therefore subject to the FDCPA only when acting as a "debt collector" as defined in § 1692a(6). Were it otherwise, every creditor that collects on its own loans and that also engages in the business of regularly collecting debts on behalf of others would be pulled under the regulation of the FDCPA not just when it collects for others, but also when it collects for itself.

At bottom, a valid claim under the FDCPA inherently requires the coming together of all the statutory elements at

20

the time of and in connection with the prohibited conduct. Thus, for example, when a plaintiff claims that a defendant violated § 1692e (prohibiting a "debt collector" from using "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt"), he must prove that the defendant was acting as a debt collector, as defined by § 1692a(6), when it engaged in misrepresentations in connection with the collection of debt from the plaintiff.

* * *

Because the complaint failed to allege facts demonstrating that Santander was acting as a "debt collector," as defined by § 1692a(6), when it was collecting on debts owed by the plaintiffs, we affirm the judgment of the district court.

<u>AFFIRMED</u>

21