# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**David Burdette,**
**Plaintiff Below, Petitioner**

**vs)   No. 16-0342** (Kanawha County 15-C-1970)

**Shirley Skeens,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Burdette, pro se, appeals the March 7, 2016, final order of the Circuit Court of Kanawha County dismissing, without prejudice, his civil action against Respondent Shirley Skeens. Respondent did not file a response.[1]

The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded for further proceedings consistent with this memorandum decision.

On May 27, 2011, the parties entered into an agreement, pursuant to which petitioner loaned respondent $35,174.25, at 12% interest, in exchange for a lien on respondent's home located at 545 18th Street, Dunbar, West Virginia, as collateral. The parties agreed that respondent would make monthly payments of $360 in 120 installments to repay the loan beginning on June 25, 2011, and ending on June 25, 2021.

---

[1]On May 3, 2016, this Court entered a scheduling order directing respondent to file a response by August 22, 2016. Despite this Court's order, respondent did not file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, our decision to reverse the circuit court's order in this case is not solely based on respondent's failure to file a response.

1

On November 3, 2015, petitioner filed a complaint alleging that respondent defaulted on the loan after making only "a few payments." Petitioner sought to foreclose on respondent's home based on the lien he had for the amount of the loan pursuant to their agreement. On November 20, 2015, respondent filed an answer denying petitioner's allegation that she defaulted on the loan. Respondent asserted that she made payments on the loan, to the best of her ability, until she lost contact with petitioner and the bank account into which she was making the payments was closed.

In a scheduling order entered on January 26, 2016, the circuit court set a pretrial conference for February 25, 2016. At that conference, petitioner conceded that he failed to provide respondent with a notice of default prior to the commencement of the instant civil action. Accordingly, the circuit court dismissed petitioner's action pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA"), West Virginia Code §§ 46A-1-101 through 46A-8-102. More specifically, West Virginia Code § 46A-2-106 provides that "a creditor may not . . . commence any action or demand or take possession of collateral on account of default until ten days after notice has been given to the consumer of his or her right to cure such default." Id. The circuit court entered its final order dismissing the action on March 7, 2016, and ruled that the dismissal was without prejudice.

Petitioner now appeals the circuit court's March 7, 2016, order dismissing his action. We review a circuit court's dismissal of petitioner's action de novo. See Syl. Pt. 2, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc., 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner asserts that the decision of the circuit court was erroneous and that he should be allowed to continue his foreclosure action against respondent's home. We agree and find that the circuit court was *premature* in determining that the WVCCPA applies to this case for three reasons. First, except where the parties agree otherwise, the WVCCPA does not apply to mortgages which are governed by Chapter 38, Article 1 of the West Virginia Code regarding trust deeds. Second, petitioner made no concession at the pretrial conference that he was a person "regularly engaged in the business of making loans." W.Va. Code § 46A-1-102(15) (setting forth definition of "consumer loan"); *see also Hafer v. Skinner*, 208 W.Va. 689, 693, 542 S.E.2d 852, 856 (2000) (finding that WVCCPA applies to only consumer loans). Third, it is an open question whether a person attempting to collect on a debt owed to him (and not to a third party) qualifies as a "debt collector" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 United States Code §§ 1692 through 1692p. *See Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 133-34 (4th Cir. 2016) (affirming dismissal of suit where allegations in complaint were insufficient to establish that consumer finance company, which bought loans in default, was "debt collector" under FDCPA), *cert. granted*, No. 16-349, 2017 WL 125669 (U.S. Jan. 13, 2017); *see also Sheriff v. Gillie*, 136 S.Ct. 1594, 1598 (2016) (quoting 15 U.S.C. § 1692a(6)) (noting that FDCPA generally governs only "debt collector[s]"). According to petitioner's complaint, he is not regularly engaged in the business of making loans, but is attempting to collect on a debt owed to him. Therefore, we conclude that the circuit court erred in dismissing petitioner's action against respondent at this stage of the proceedings.

For the foregoing reasons, we reverse the circuit court's March 7, 2016, final order dismissing petitioner's action and remand this case for further proceedings consistent with this memorandum decision.

Reversed and Remanded.

**ISSUED**:   February 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker