**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2064**

KEVIN RICHARDSON,

　　　　　　　Plaintiff - Appellant,

　　　　v.

SHAPIRO & BROWN, LLP; NATIONSTAR MORTGAGE, LLC; RUSHMORE
LOAN MANAGEMENT SERVICES, LLC; U.S. BANK, N.A.,

　　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge. (1:17-cv-00307-JFM)

Submitted: September 10, 2018　　　　　　　　　　Decided: September 20, 2018

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed as modified by unpublished per curiam opinion.

Kevin Richardson, Appellant Pro Se.　Thomas James Gartner, SHAPIRO & BROWN,
LLP, Manassas, Virginia; Matthew Daniel Cohen, BWW LAW GROUP, LLC,
Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Richardson filed a civil action alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012), against Nationstar Mortgage, LLC ("Nationstar"), Shapiro & Brown, LLP ("Shapiro"), Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank, N.A. ("U.S. Bank" and, collectively, "Defendants"), as well as violations of the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law §§ 14-201 to 14-204 (LexisNexis 2013), and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law §§ 13-101 to 13-501 (LexisNexis 2013), against Rushmore. The district court granted Defendants' motions to dismiss the action. It concluded that Richardson's claims against Nationstar and Shapiro were barred by res judicata and the statute of limitations. It also concluded that Richardson's claims against Rushmore and U.S. Bank were subject to dismissal because these Defendants were not "debt collectors" under the FDCPA, and Richardson otherwise failed to state a plausible claim for relief against them. Richardson appeals the dismissal order, challenging the district court's dismissal of his FDCPA claims.[*] For the reasons that follow, we affirm the district court's judgment, as modified.

We review de novo the district court's application of res judicata principles. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). We also review de novo the district court's grant of a motion to dismiss for failure to state a claim, "accepting as

---

[*] Because Richardson does not challenge the dismissal of his MCDCA and MCPA claims in his informal brief, he has forfeited appellate review of these issues. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

true the complaint's factual allegations and drawing all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. In evaluating the complaint, we need not accept as true "legal conclusions, elements of a cause of action, . . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted).

Initially, we conclude that Richardson's objection to the application of res judicata and the statute of limitations is, in part, well-taken. Res judicata applies if the proponent of the doctrine establishes that: (1) "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) "the parties are identical, or in privity, in the two actions"; and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (internal quotation marks omitted). Claims are based upon the same cause of action if they "arise out of the same transaction or series of transactions, or the same core of operative facts."

3

*Covert v. LVNV Funding, LLC*, 779 F.3d 242, 247 (4th Cir. 2015) (internal quotation marks omitted). "A judgment satisfying those three factors is both 'claim' and 'issue' preclusive." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017). Res judicata thus forecloses relitigation of "all claims that were actually adjudicated or that could have been adjudicated in an earlier action," as well as "legal and factual issues that were actually and necessarily determined in an earlier action." *Covert*, 779 F.3d at 246 (internal quotation marks omitted).

We conclude that res judicata did not apply to Richardson's FDCPA claim against Shapiro, as it failed to establish that it was a party to, or in privity with, the parties to the prior action. Further, res judicata does not apply to any portion of Richardson's FDCPA claim challenging Nationstar's communications or conduct after the dismissal of his prior action in June 2014. *See Union Carbide Corp. v. Richards*, 721 F.3d 307, 315 (4th Cir. 2013) ("[R]es judicata does not bar claims that did not exist at the time of the prior litigation." (internal quotation marks omitted)); *see also Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372-73 (Fed. Cir. 2013) (recognizing that voluntary dismissal with prejudice does not have issue preclusive effect); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) (same).

Relatedly, a one-year statute of limitations applies to FDCPA claims. 15 U.S.C. § 1692k(d). "Ordinarily, the statute of limitations begins to run when the communication that violates the FDCPA is sent." *Lembach v. Bierman*, 528 F. Appx 297, 301 (4th Cir. 2013) (Nos. 12-1723, 12-1746) (per curiam) (argued but unpublished). Here, the statute of limitations does not bar those portions of Richardson's FDCPA claims against

4

Nationstar and Shapiro that seek recovery based on communications from those Defendants on or after February 1, 2016. Thus, the district court's dismissal on res judicata and statute of limitations grounds was, in part, erroneous.

With respect to Rushmore and U.S. Bank, "the FDCPA purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016). The FDCPA defines "debt collector" as "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Id.* at 136; *see* 15 U.S.C. § 1692a(6); *McCray v. Fed. Home Loan Mortg. Corp.*, 839 F.3d 354, 359 (4th Cir. 2016). We agree with the district court's conclusion that U.S. Bank is not a debt collector under the FDCPA for purposes of Richardson's claims, and thus cannot be held liable under the FDCPA. However, we conclude that Richardson alleged sufficient facts from which to infer that Rushmore was acting as a debt collector in its challenged communications with Richardson. While Rushmore sought to invoke the exemptions to the definition of "debt collector" under § 1692a(6)(F)(i) and § 1692a(6)(F)(iii), we find these exemptions inapplicable in light of Rushmore's alleged involvement in foreclosure proceedings against Richardson and the timing of Rushmore's communications relative to Richardson's alleged default. *See Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 377 (4th Cir. 2006).

Nevertheless, we may affirm the district court's judgment "on any ground apparent in the record." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). Our review of the record reveals that the FDCPA claims against Nationstar, Shapiro, and Rushmore were subject to dismissal for failure to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 663, 678 (stating standard).

Richardson's allegations of § 1692g(b) violations fails to satisfy the pleading requirements of the FDCPA. Richardson's allegations of § 1692g(b) violations hinge on his assertion that Defendants failed to adequately verify the debt in response to his demands and continued collection attempts by pursuing foreclosure proceedings despite the lack of adequate verification. However, these allegations are either too conclusory to satisfy the pleading standard or fail to suggest that Defendants provided inadequate validation. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (discussing validation requirement under § 1692g).

Similarly, Richardson's allegations of §§ 1692e and 1692f violations are conclusory and factually implausible. Sections 1692e and 1692f prohibit debt collectors from using "any false, deceptive, or misleading representation" as well as any "unfair or unconscionable means" in connection with the collection of debt. *Powell v. Palisades Acquisition XVI*, 782 F.3d 119, 123 (4th Cir. 2014) (alterations and internal quotation marks omitted). But violations of those sections are not actionable unless the misrepresentations are material. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). "The materiality

6

standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012). Because Richardson's complaint does not articulate specific statements that amounted to misrepresentations or provide any nonspeculative explanations for his assertions, Richardson fails to allege facts that satisfy the materiality requirement. We therefore conclude the district court did not err in dismissing these claims under Rule 12(b)(6).

Richardson next contends that the district court erred in dismissing his action without providing him an opportunity to amend his complaint. While Richardson requested an opportunity to amend if the court found his complaint deficient, he did not move to amend the complaint or forecast any manner in which he would amend the complaint to cure the deficiencies Defendants alleged. In such circumstances, "we do not expect the district court to assume the role of advocate for the pro se plaintiff." *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (alteration and internal quotation marks omitted). However, we conclude that the dismissal as to Nationstar, Shapiro, and Rushmore should be one without prejudice. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 642 (4th Cir. 2016); *King*, 825 F.3d at 225.

Accordingly, we affirm the district court's judgment but modify the dismissal as to Nationstar, Shapiro, and Rushmore to reflect a dismissal without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*