ON PETITION FOR REHEARING
Before CARNES and BARKETT, Circuit Judges, and COHN,* District Judge.
PER CURIAM:
After considering the appellant’s petition for panel rehearing and suggestion for rehearing en banc, we revise our opinion filed on April 15, 2008, and published at 524 F.3d 1175, in one respect. The first two sentences of the first full paragraph on page 1189 are deleted, and the following sentence is substituted in their place:
Section 547(e)(2)(A)’s primary purpose is to defeat § 547(b)(2)’s antecedent debt requirement by causing transfers that are perfected within ten days to be “made” at the time of the transfer. See Dorholt v. Linquist (In re Dorholt, Inc.), 239 B.R. 521, 523 (B.A.P. 8th Cir.1999), aff'd, 224 F.3d 871 (8th Cir.2000); 5 Collier on Bankruptcy ¶ 547.05[5][a], at 547-97 (15th ed. rev.2006).
With regard to the other issues raised, the petition for panel rehearing is DENIED. This order does not affect appellant’s petition insofar as it is a suggestion for rehearing en banc.