[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14200
_____

D.C. Docket No. 1:13-cv-02307-WSD

KEITH DAVIDSON,
on behalf of plaintiff and a class,

Plaintiff - Appellant,

versus

CAPITAL ONE BANK (USA), N.A.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2015)

Before WILSON and MARTIN, Circuit Judges, and HODGES,* District Judge.

WILSON, Circuit Judge:

---

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

In this appeal, we decide whether a bank that collects or attempts to collect on a debt, which was in default at the time it was acquired by the bank, qualifies as a "debt collector" under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.  Keith Davidson appeals the dismissal of his amended complaint, filed on behalf of himself and a class of similarly situated individuals, alleging that Capital One Bank (USA), N.A. (Capital One) violated certain provisions of the FDCPA in attempting to collect on defaulted or delinquent credit card accounts that Capital One had acquired from HSBC Bank Nevada, N.A. (HSBC).  The district court dismissed Davidson's amended complaint on the ground that Capital One was not a "debt collector" as defined by the Act and was thus not subject to the Act.

We need look no further than the statutory text to conclude that, under the plain language of the FDCPA, a bank (or any person or entity) does not qualify as a "debt collector" where the bank does not regularly collect or attempt to collect on debts "owed or due another" and where "the collection of any debts" is not "the principal purpose" of the bank's business, even where the consumer's debt was in default at the time the bank acquired it.  *See id.* § 1692a(6).

As discussed below, the amended complaint's factual matter establishes that Capital One's collection efforts in this case related only to debts owed to it and that debt collection is only some part of, and not the principal purpose of, Capital One's

2

business.  *See id.*  In short, Capital One's activity, as alleged by Davidson, is not the activity of a "debt collector" under the FDCPA, and Davidson cannot state a claim under the Act.  We therefore affirm the district court's dismissal of Davidson's amended complaint.

## I.

In 2007, HSBC filed suit against Davidson in state court to collect on a credit card account belonging to Davidson that he had used for "personal, family, or household purposes."[1]  *See id.* § 1692a(5).  During the course of the litigation, the parties entered into a settlement agreement, whereby Davidson agreed to pay $500.00 to HSBC, and, in return, HSBC agreed to dismiss its collection action.  When Davidson failed to pay the $500.00 to HSBC, the state court entered a judgment in favor of HSBC and against Davidson in the amount of $500.00.

In May 2012, Capital One acquired approximately $28 billion of HSBC's United States-based credit card accounts, over $1 billion of which were shown as delinquent or in default at the time of Capital One's acquisition, including the credit card account belonging to Davidson.  Shortly thereafter, in August 2012, Capital One filed suit against Davidson in state court to collect on the same credit card account that had been the subject of HSBC's prior lawsuit.  Capital One's

---

[1] The following facts are taken from Davidson's amended complaint and those core documents Davidson subsequently attached to his amended complaint.  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012) (documents attached to complaint); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (documents referred to in complaint and central to plaintiff's claim).

state court complaint alleged that Davidson's account was delinquent in the amount of $1,149.96. An affidavit attached to the complaint asserted that Capital One had acquired Davidson's credit card account as of May 2012.

In July 2013, Davidson filed suit in district court, on behalf of himself and a purported class of similarly situated individuals, claiming that Capital One's state court activities violated the FDCPA. Specifically, Davidson alleged that Capital One's complaint falsely stated the amount of Davidson's debt, which had been reduced to a $500.00 judgment in the HSBC litigation, and that the affidavit was "mass produced," "robo-signed," and not based on the affiant's personal knowledge and contained false statements in violation of the FDCPA. *See id.* § 1692e. Capital One moved to dismiss Davidson's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In response, Davidson filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

Capital One moved to dismiss the amended complaint. It argued that the amended complaint failed to plausibly allege that Capital One was a "debt collector" for purposes of the FDCPA and only debt collectors are subject to liability under the Act. Specifically, Capital One asserted that it did not qualify as a "debt collector" because it regularly collected debts that were owed to *it* and not debts "owed or due another." Davidson countered that the amended complaint sufficiently alleged that Capital One met the definition of "debt collector" by

4

stating that Capital One "regularly acquired delinquent and defaulted consumer debts that were originally owed to others" and "attempted to collect such . . . debts in the regular course of its business." Companies that regularly purchase and collect defaulted consumer debts, Davidson argued, are regulated by the Act.

The district court agreed with Capital One. According to the district court, whether Davidson's debt was in default at the time it was acquired by Capital One did not bear on whether Capital One satisfied the statutory definition of "debt collector."[2] It further found that, to qualify as a debt collector under the FDCPA, Capital One had to "regularly" collect or attempt to collect on debts "owed or due another" *or* the principal purpose of Capital One's business had to be "the collection of any debts," *see id.* § 1692a(6), and Capital One did not satisfy either requirement. The district court dismissed Davidson's amended complaint pursuant to Rule 12(b)(6) for failure to state a claim, and Davidson timely appealed.

## II.

We review de novo a district court's interpretation of a statute. *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2010) (per curiam). We also review de novo

---

[2] The amended complaint does not allege that Davidson defaulted on the HSBC judgment prior to Capital One's acquisition of his credit card account. Still, Capital One has treated Davidson's debt as a debt that *was* in default at the time it was acquired, and we will do the same. *See, e.g.*, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012) ("It matters not whether [treatment of the debt as if it were in default at the time of acquisition] was due to a clerical mistake, other error, or intention."); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) ("Focusing on the status of the obligation asserted by the assignee is reasonable in light of the conduct regulated by the statute.").

the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). In so doing, we accept as true all well-pleaded factual allegations in the complaint, *see Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010), which we construe "in the light most favorable to the plaintiff," *Hill*, 321 F.3d at 1335. To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," meaning it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

## III.

The FDCPA was passed "to eliminate abusive debt collection practices," to ensure that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," and to promote consistent state action in protecting consumers against debt collection abuses. *See* 15 U.S.C. § 1692(e); *see* S. Rep. No. 95-382, at 1–2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (nature and purpose of FDCPA). In accordance with its stated purposes, the FDCPA bans certain debt collection practices and allows individuals to sue debt collectors who fail to comply with the Act. *See* § 1692b–1692f, 1692k.

Davidson alleges that Capital One violated multiple subsections of 15 U.S.C. § 1692e. Section 1692e generally prohibits a debt collector from using "any false,

6

deceptive, or misleading representations or means in connection with the collection of any debt." § 1692e.  Conduct constituting a violation includes "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer."  *Id.* § 1692e(2), (10).  Davidson contends that the complaint and affidavit that Capital One filed in state court violated § 1692e and each of subsections 1692e(2) and 1692e(10).

There is no dispute that § 1692e applies only to debt collectors.  Therefore, in order to survive Capital One's motion to dismiss, Davidson must plead "factual content that allows the court to draw the reasonable inference that" Capital One is a "debt collector" under the FDCPA and therefore liable for the misconduct alleged.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## A.

Before we can determine whether Davidson's amended complaint plausibly alleges that Capital One is a "debt collector" for purposes of the FDCPA, we must resolve the parties' dispute regarding the meaning of the term "debt collector."

The Act defines "debt collector" to mean "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

7

or due another."[3]  § 1692a(6).  The definition excludes several categories of persons, *see* § 1692a(6)(A)–(F) (listing excluded persons), including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person," § 1692a(6)(F)(iii).

Unlike debt collectors, creditors typically are not subject to the FDCPA. *See, e.g.*, *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).  A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." § 1692a(4).  However, "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" is excluded from the definition of "creditor." *Id.*  Further, "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" will be treated as a "debt collector" for purposes of the Act. § 1692a(6).

According to Davidson, the line between creditors and debt collectors is drawn by the default status of the debt.  Relying on the exclusion found at § 1692a(6)(F)(iii), Davidson contends that an entity that does not originate a debt,

---

[3] *See Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) (per curiam) ("[T]he use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately." (internal quotation marks omitted)).

but acquires it from another, is deemed either a creditor or a debt collector depending on the default status of the debt at the time it was acquired.  Put simply, Davidson avers that, if the debt was *not* in default when it was acquired, § 1692a(6)(F)(iii) excludes the entity from the definition of "debt collector," and the entity is a "creditor"; on the other hand, if the debt was in default when it was acquired, § 1692a(6)(F)(iii) does not apply, and the entity is a "debt collector." This argument is not persuasive because § 1692a(6)(F)'s exclusions do not obviate the substantive requirements of § 1692a(6)'s definition.

Subsection (F)(iii) excludes any person who is collecting or attempting to collect on any debt owed or due another from the term "debt collector" *if* the debt was not in default at the time it was acquired.  The phrase "any person" is expansive.  *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1223 (11th Cir. 2001) ("[I]n the absence of any language limiting the breadth of [the word 'any'], it must be read as referring to all of the subject that it is describing." (internal quotation marks omitted)).  The phrase is properly understood to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" and *is* collecting for another, and any person "who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another" and *is* collecting for another.  *See* § 1692a(6), (6)(F).  Thus, a person who otherwise meets the

9

definition of "debt collector" may be excluded from the term if he obtained a debt from another, he is collecting the debt for another, *and* the debt was acquired prior to default.[4] *See id.* § 1692a(6)(F)(iii).

However, where a person does not fall within subsection (F) or any one of the six statutory exclusions, he is not deemed a "debt collector" as a matter of course. Before a person can qualify as a "debt collector" under the FDCPA, he must satisfy the Act's substantive requirements. *See* § 1692a(6). Pursuant to the plain language of the statute, a "debt collector" includes (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[5] *Id.* In contrast to the exclusion at § 1692a(6)(F)(iii), the statutory definition of "debt collector" applies without regard to the default status of the underlying debt.

---

[4] Entities falling within this exclusion include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." *See* S. Rep. No. 95-382, at 3–4.

[5] There is another category of persons that falls within the definition of "debt collector." Under § 1692a(6), the term "debt collector" includes "any *creditor* who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6) (emphasis added). Neither party asserts or even suggests that this third category is applicable here; their arguments and, as a result, our analysis is focused on the principal definition of "debt collector" in the first sentence of § 1692a(6).

In our construction of a statutory provision, "we read the statute to give full effect to each of its provisions . . . [and] look to the entire statutory context." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). If we consider § 1692a(6)(F)(iii) in isolation, it is not unreasonable to read the exclusion to intimate that any person who collects or attempts to collect any debt owed or due another, which debt *was* in default at the time it was obtained by such person, is a "debt collector." *See* § 1692a(6)(F)(iii) (excluding from the term "debt collector" any person collecting or attempting to collect a debt for another that was *not* in default when acquired). But, when § 1692a(6)(F)(iii) is read in its statutory context, it reveals itself to be nothing more than a single exclusion for a certain group of persons from a statutory definition that Davidson effectively urges us to ignore.

Section 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a "debt collector." *See* § 1692a(6). So, if subsection (F)(iii)'s exclusion is inapplicable because, for example, the subject debt was in default at the time it was acquired or the subject person is not collecting for another, the person *may* be a debt collector, but the person is not undoubtedly a debt collector; one of two statutory standards still must be met. *See* § 1692a(6). Davidson cannot rely on § 1692a(6)(F)(iii) to bring entities that do not otherwise meet the definition

11

of "debt collector" within the ambit of the FDCPA solely because the debt on which they seek to collect was in default at the time they acquired it. Section 1692a(6)(F)(iii) is an exclusion; it is not a trap door.[6]

Davidson's misunderstanding of the effect of § 1692a(6)(F)(iii) also results in a strained construction of § 1692a(6)'s second definition of "debt collector."[7] Drawing on subsection (F)(iii), Davidson contends that an entity that regularly collects debts originally owed to another, which debts were in default at the time they were acquired, qualifies as "debt collector" under the FDCPA. Put another way, Davidson reads the definition of "debt collector" to encompass any regular purchaser of a debt in default even if the purchaser owns the debt and is collecting for himself. As noted above, the term "debt collector" includes any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). Davidson's interpretation succeeds only if we rewrite the statutory text to read "regularly collects or attempts to collect, directly or indirectly, debts *originally* owed or due or asserted to be

---

[6] We also note that § 1692a(6)(F)(iii) is limited in its applicability to "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due *another*." *Id.* § 1692a(6)(F) (emphasis added). Therefore, Davidson's reliance on § 1692a(6)(F)(iii) is misplaced for two reasons: (1) because it is an exclusion, not a definition; *and* (2) because it cannot be read, either directly or indirectly, to apply to any person collecting or attempting to collect on a defaulted debt owed or due to *him*.

[7] Davidson's arguments on appeal are focused around the second definition of "debt collector." *See id.* § 1692a(6) (regular collection of debts for another). We are not asked to construct or otherwise interpret the first definition. *See id.* (principal purpose).

12

*originally* owed or due another." But we are not in the business of rewriting statutes.

The statutory text is entirely transparent. A "debt collector" includes any person who regularly collects or attempts to collect debts owed or due another. *See* § 1692a(6). The statute does not define "another," so we will look to the common usage of the word for its meaning. *See, e.g.*, *Consol. Bank, N.A. v. United States Dep't of Treasury*, 118 F.3d 1461, 1464 (11th Cir. 1997). The term "another" most naturally connotes "one that is different from the first or present one." Merriam-Webster's Collegiate Dictionary 48 (10th ed. 1996). Applying this definition to the statutory language, this means that a person must regularly collect or attempt to collect debts *for others* in order to qualify as a "debt collector" under the second definition of the term. The word "another" is not modified or otherwise limited, and Davidson has pointed us to nothing that would indicate that Congress had any intention to limit the term. *See CBS Inc.*, 245 F.3d at 1224–26.

In construing a statutory provision, "[w]e do not start from the premise that [the statutory] language is imprecise." *United States v. LaBonte*, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677 (1997). Congress limited the second definition of "debt collector" to those persons who regularly collect or attempt to collect debts owed or due or asserted to be owed or due *another*, and there is no ambiguity in the words that Congress chose to employ. *See CBS Inc.*, 245 F.3d at 1225 ("Any

ambiguity in the statutory language must result from the common usage of that language, not from the parties' dueling characterizations of what Congress 'really meant.'").   Because we are not permitted to "do to the statutory language what Congress did not do with it," *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc), we will not write into the phrase "owed or due another" the limiting adverb "originally" in order to express what Davidson thinks Congress intended, *see CBS Inc.*, 245 F.3d at 1223 (reasoning that the appellant's need to rewrite a statutory phrase was "further proof that the plain meaning of what Congress actually said [was] against [the appellant's] position").

We will, as we must, "presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).   In doing so, we reject Davidson's argument that a non-originating debt holder is a "debt collector" for purposes of the FDCPA solely because the debt was in default at the time it was acquired.  The statute is not susceptible to such an interpretation.  Instead, applying the plain language of the statute, we find that a person who does not otherwise meet the requirements of § 1692a(6) is not a "debt collector" under the FDCPA, even where the consumer's debt was in default at the time the person acquired it.  *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989) ("[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'");

*Harris*, 216 F.3d at 976 ("[Our] role . . . is to apply statutory language, not rewrite it.").[8]

## B.

We turn now to Davidson's amended complaint. According to Davidson, the amended complaint sufficiently alleges that Capital One meets the definition of "debt collector" by alleging that Capital One "regularly acquires delinquent and defaulted consumer debts that were originally owed to others" and "has attempted to collect such delinquent or defaulted debts in the regular course of its business, using the mails and telephone system." Taking these allegations, together with the

---

[8] Davidson argues that our holding creates a loophole by which entities that regularly acquire and pursue collection of defaulted debts avoid the FDCPA even though such entities are engaged in debt collection. We disagree. An entity that may collect on a debt owned by and owed to it in the course of doing business falls outside of the Act's intended scope. *See* S. Rep. No. 95–382, at 2–3 (intending "debt collector" to include "all third persons who regularly collect debts for others" to the exclusion of "a person who collects a debt for another in an isolated instance" or "those who [do not] collect for others in the regular course of business"). But an entity whose "principal purpose" is the collection of "*any* debts," *see* § 1692a(6) (emphasis added) ("principal purpose" not modified by "owed or due another"), is subject to the FDCPA under the first definition of "debt collector," *see, e.g.*, *Pollice*, 225 F.3d at 404 ("no question that the 'principal purpose' of [defendant's] business is the 'collection of any debts'"); *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 174 (3d Cir. 2007) (noting that the defendant was "in business to . . . acquire seriously defaulted debt" solely for collection purposes). "Any debts" means "all debts," including debts acquired from another, in default, or owed to the collecting entity. *See CBS Inc.*, 245 F.3d at 1223 (noting that "any" means "every" or "all"). Therefore, where "principal purpose" is plausibly alleged, the entity described in Davidson's harried hypothetical will not escape regulation. *See* S. Rep. No. 95–382, at 2–3 ("The primary persons intended to be covered are independent debt collectors."). In any event, to the extent that such a loophole does exist, it is for Congress, not the courts, to close. *See Artuz v. Bennett*, 531 U.S. 4, 10, 121 S. Ct. 361, 365 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them."); *In re Hedrick*, 524 F.3d 1175, 1187–88 (11th Cir.), *amended on reh'g in part*, 529 F.3d 1026 (11th Cir. 2008) (per curiam) ("[We are not] authorized to interpret a statute contrary to the plain meaning of its words if doing so would, in the court's view, better further the purpose it thinks Congress had in mind.").

amended complaint's factual matter as a whole, in the light most favorable to Davidson, we find that Davidson has failed to allege "factual content that allows [us] to draw the reasonable inference that" Capital One is a "debt collector" under the Act. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

The amended complaint does not expressly state that the "principal purpose" of Capital One's business is debt collection, as required by the first definition of "debt collector." *See* § 1692a(6). However, the amended complaint does allege that "Capital One has attempted to collect . . . delinquent or defaulted debts in the regular course of its business, using the mails and telephone system in doing so." To the extent that this allegation invokes the principal purpose concept, it is insufficient to establish Capital One's status as a "debt collector." The amended complaint provides a basis from which we can plausibly infer that *some* part of Capital One's business is debt collection, but it fails to provide any basis from which we could plausibly infer that the "principal purpose" of Capital One's business is debt collection. The first definition will not sustain Davidson's action.

As to the second definition of "debt collector," Davidson argues that the amended complaint sufficiently alleges that Capital One is a "debt collector" by stating that Capital One "regularly acquires delinquent and defaulted consumer debts that were originally owed to others" and "has attempted to collect such . . . debts in the regular course of its business." Davidson does not dispute that Capital

16

One purchased, owns, and sought to collect on the defaulted and delinquent credit card accounts for itself.  However, he contends that Capital One still fits the second definition of "debt collector" because it regularly collects debts that were originally owed to another and that were in default when Capital One acquired them.

As discussed above, our inquiry under § 1692a(6) is not whether Capital One regularly collects on debts *originally* owed or due another and now owed to Capital One; our inquiry is whether Capital One regularly collects on debts owed or due another at the time of collection.  The amended complaint makes no factual allegations from which we could plausibly infer that Capital One regularly collects or attempts to collect debts owed or due to someone other than Capital One. Because Capital One acquired Davidson's credit card account (and the credit card accounts of the purported class members) from HSBC, Capital One's collection efforts in this case relate only to debts owed to it—and not to "another."  That the credit card accounts were in default at the time they were acquired by Capital One does not bear on our determination here.  As such, the amended complaint fails to sufficiently allege that Capital One is a "debt collector" under § 1692a(6) and thus subject to liability under the FDCPA.

## IV.

Because Davidson's amended complaint does not plausibly allege that Capital One is a "debt collector" under the FDCPA, we affirm the district court's dismissal of Davidson's amended complaint.

**AFFIRMED**.