[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15387
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00248-SPC-CM

ARIEL ARENCIBIA,
on behalf of themselves and all others similarly
situated,

Plaintiffs-Appellants,

JOSE AYALA, on behalf of themselves and all others similarly situated,

Plaintiff,

versus

MORTGAGE GUARANTY INSURANCE CORPORATION,
a Wisconsin corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 12, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ariel Arencibia[1] filed this class-action lawsuit against Defendant Mortgage Guaranty Insurance Corporation ("Mortgage Guaranty") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Mortgage Guaranty, a mortgage-insurance provider, acquired Arencibia's remaining debt from his lender after the lender had obtained a foreclosure judgment against him.[2]  Mortgage Guaranty then filed a deficiency lawsuit against Arencibia to collect on the debt, allegedly without providing him prior notice under Florida law of assignment of the debt.  *See* Fla. Stat. § 559.715 ("[T]he assignee [of a consumer debt] must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.").  Arencibia alleged that Mortgage Guaranty violated the FDCPA under § 1692e by failing to provide him, and numerous others, prior notice under Fla. Stat. § 559.715.

For Mortgage Guaranty to be liable under § 1692e, Arencibia needed to show that it was a "debt collector," as that term is defined in the statute.  *See* 15

---

[1] Arencibia was joined in the district court by Plaintiff Jose Ayala.  We dismissed the appeal as to Ayala at his request.  *See* 11th Cir. Dkt. No. 15-15387, Order dated June 17, 2016.

[2] Mortgage Guaranty compensates lenders for losses in the event of borrower default and lack of full recovery.  Once Mortgage Guaranty pays a claim, it steps into the shoes of the lender and can then pursue a deficiency judgment against the borrower.

2

U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.").  The statute defines "debt collector" in two ways:  (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts"; or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The statute also provides a list of exclusions to these definitions, *see id.* § 1692a(6)(A)–(F), such as "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person," *id.* § 1692a(6)(F)(iii).

Arencibia attempted to qualify Mortgage Guaranty as a "debt collector" under the second definition.  Arencibia alleged that Mortgage Guaranty regularly collected or attempted to collect debts that were *originally* owed to others and acquired after default.  Mortgage Guaranty moved for summary judgment, arguing that it was not a "debt collector" because, *at the time of collection*, it was collecting on debts it owned and not collecting a debt owed or due another.

Little more than a week after Mortgage Guaranty filed for summary judgment, this Court issued its decision in *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309 (11th Cir. 2015), which settled the dispute in Mortgage

Guaranty's favor.  *Davidson*, like this case, involved an FDCPA claim under § 1692e against an entity which regularly collected debts owed to it, but did not collect or attempt to collect debts owed or due another.  The panel in *Davidson* held that "a person must regularly collect or attempt to collect debts *for others* in order to qualify as a 'debt collector' under the second definition of the term."  *Id.* at 1316 (emphasis in original).  An entity collecting on its own debts—even debts originally owned by another and acquired after default—does not qualify as a "debt collector."  *See id.* at 1315–16.

On appeal from the dismissal of his complaint, Davidson had argued that an entity which collects on debts it acquires after default qualifies as a "debt collector" under the second definition.  Relying on the exclusion in § 1692a(6)(F)(iii), Davidson asserted that "creditors" and "debt collectors" are mutually exclusive terms under the FDCPA, and the line that separates the two, in the case of acquired debt, is "the default status of the debt at the time it was acquired."  *Id.* at 1314.  In other words, as succinctly summarized by the *Davidson* panel, "if the debt was *not* in default when it was acquired, § 1692a(6)(F)(iii) excludes the entity from the definition of 'debt collector,' and the entity is a 'creditor'; on the other hand, if the debt was in default when it was acquired, § 1692a(6)(F)(iii) does not apply, and the entity is a 'debt collector.'"  *Id.*

*Davidson* rejected the argument that the line between "creditors," who "typically are not subject to the FDCPA," and "debt collectors," who are, "is drawn by the default status of the debt." *Id.* at 1313–14.  The panel found Davidson's reliance on § 1692a(6)(F)(iii) unavailing because "§ 1692a(6)(F)'s exclusions do not obviate the substantive requirements of § 1692(a)(6)'s definition." *Id.* at 1314.  In other words, the exclusions come into play only once one of the two substantive definitions of "debt collector," set forth above, is satisfied; the exclusions do not alter the substantive definitions. *Id.* at 1314–15. And, while default status of the debt may affect the application of the § 1692a(6)(F)(iii) exclusion, "the statutory definition of 'debt collector' applies without regard to the default status of the underlying debt." *Id.* at 1314. Therefore, "a person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person acquired it." *Id.* at 1316.

Looking to the "entirely transparent" statutory text, the *Davidson* panel held that the second definition of "debt collector" unambiguously is limited "to those persons who regularly collect or attempt to collect debts owed or due or asserted to be owed or due *another*." *Id.* at 1316 (emphasis in original).  In common usage, "[t]he term 'another' most naturally connotes 'one that is different from the first or present one.'" *Id.*  This means, according to the panel, that a "debt collector"

under the second definition must collect debts or attempt to collect debt "*for others*." *Id.* (emphasis in original). The Court went on to affirm the dismissal of Davidson's complaint because it made "no factual allegations from which we could plausibly infer that [the defendant] regularly collects or attempts to collect debts owed or due to someone other than [the defendant]." *Id.* at 1318.

Finding *Davidson* controlling, the district court in this case granted summary judgment to Mortgage Guaranty. The court ruled that Mortgage Guaranty was not a "debt collector" under the FDCPA because "[t]he undisputed facts show that Defendant does not regularly collect or attempt to collect debts owed or due someone other than Defendant."

Arencibia appeals the district court's grant of summary judgment, arguing that *Davidson* was wrongly decided. He asserts that *Davidson* conflicts with the decisions of a majority of other circuit courts to have addressed the same issue.[3] *See, e.g.*, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired."); *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009) ("[A] party that seeks to collect on a debt that was in default when acquired is a debt collector under the FDCPA, even

---

[3] We note that the Fourth Circuit recently decided the issue in line with *Davidson*. *See Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136–37 (4th Cir. 2016).

though it owns the debt and is collecting for itself."). Arencibia also asserts that the *Davidson* panel's rationale contravenes several canons of statutory interpretation and undermines the broad, remedial purposes of the FDCPA.

As Arencibia acknowledges, however, we are bound by *Davidson* under the prior panel precedent rule, which provides that the holding of a prior panel is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Arencibia makes no claim that an exception to this rule applies.[4] Therefore, even if we believed that *Davidson* had been wrongly decided, which, to be clear, we offer no opinion on the matter, we would nevertheless be bound by *Davidson*'s holding. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (*en banc*) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

Applying *Davidson* to the facts of this case, the district court quite clearly was correct to grant summary judgment to Mortgage Guaranty. There is no evidence that Mortgage Guaranty regularly collected or attempted to collect on debts "for others." *See Davidson*, 797 F.3d at 1316. Accordingly, Mortgage Guaranty does not qualify as a "debt collector" under the second definition of that term in the FDCPA. *See id.*; 15 U.S.C. § 1692a(6).

---

[4] In recognition of that fact, Arencibia has filed a petition for initial hearing *en banc*, Fed. R. App. P. 35, which has been denied by separate order.

The judgment of the district court is **AFFIRMED**.[5]

---

[5]    In light of our disposition of this appeal, we **DENY AS MOOT** Mortgage Guaranty's "Motion to Supplement the Record and to Take Judicial Notice," which relates to an alternative argument for affirming the district court.