Marilane R. LIMA, Plaintiff,

v.

BANK OF AMERICA, N.A., Andreu, Palma, Lavin & Solis, PLLC, Jorge L. Palma, and Juan G. Andreu, Defendants.

CASE NO. 17–60288–CIV–COHN/SELTZER

United States District Court, S.D. Florida.

Signed April 17, 2017

Marilane R. Lima, Hollywood, FL, pro se.

Sara F. Holladay–Tobias, Emily Yandle Rottmann, Monica L. Haddad Forbes, McGuireWoods LLP, Jacksonville, FL,

Charles James McHale, Jr., Golden Scaz Gagain, PLLC, Tampa, FL, for Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

JAMES I. COHN, United States District Judge

THIS CAUSE is before the Court upon Defendant Bank of America, N.A.'s Motion to Dismiss Complaint [DE 25] and the remaining Defendants' Motion to Dismiss Plaintiff's Amended Complaint [DE 34] (collectively, "Motions"). The Court has considered the Motions, Plaintiff's Responses [DE 29 & 38], and the record in this case, and is otherwise advised in the premises.[1] For the reasons stated herein, the Court will grant the Motions.

## I. BACKGROUND[2]

Plaintiff Marilane R. Lima brings this action *pro se* against her creditor, Defendant Bank of America, N.A. ("BANA"), and debt collectors, Defendants Andreu, Palma, Lavin & Solis PLLC, Jorge L. Palma, and Juan G. Andreu (collectively, "APA Defendants"), for events related to the collection of Lima's alleged credit card debt. On January 20, 2015, Lima received a letter from BANA stating that she owed $9,308.91 on her credit card account. On February 2, 2015, Lima filed a "Notice of Dispute" demanding that BANA verify the debt, which BANA did in a letter sent on March 2, 2015. Lima sent several more nearly identical Notices of Dispute to BANA, which verified the debt again on October 14, 2015. Lima continued to send Notices of Dispute to BANA. On April 18, 2016, the APA Defendants sent Lima a letter stating, among other things, that they had been retained by BANA and were attempting to collect the debt. On April 25, 2016, Lima sent a Notice of Dispute to the APA Defendants requesting validation of the debt and listing seventeen specific items that she wanted in response. The APA Defendants ceased collection activity, and on June 8, 2016, sent Lima a letter verifying the date that the account was opened, the date it was last used, and the outstanding balance. On June 16, 2016, Lima sent the APA Defendants a letter expressing her dissatisfaction with their response and demanding that they fulfill her request for the seventeen items. On or about September 21, 2016, BANA filed a debt collection action in Florida state court, seeking the $10,341.35 owed on the account at that time.

Based on these allegations, Lima brings claims against BANA and the APA Defendants for violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); (2) the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA"); (3) the National Bank Act, 12 U.S.C. § 24(7); and (4) her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendants responded to the operative First Amended Complaint [DE 23] by moving to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See DE 25 & 34.

## II. LEGAL STANDARD

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

---

**1.** Defendants have not filed replies in support of their Motions, and the time for doing so has passed.

**2.** All factual statements in the Background section are derived from the First Amended Complaint [DE 23] and exhibits attached thereto, unless otherwise noted.

"give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley, 355 U.S. at 41, 78 S.Ct. 99). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 583, 588 n.8, 127 S.Ct. 1955 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

## III. DISCUSSION

The four claims in the First Amended Complaint do not satisfy the requirements of Rule 8 because the factual allegations, accepted as true, cannot support the asserted causes of action. Therefore, the First Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### A. FDCPA

The First Amended Complaint does not state a cognizable FDCPA claim. In order to prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1360–61 (S.D. Fla. 2000) (quoting Sibley v. Firstcollect, Inc., 913 F.Supp. 469, 470 (M.D. La. 1995)). All parties agree that Lima's factual allegations satisfy the first element, but the second and third elements are disputed.

Lima's FDCPA claim against BANA fails because BANA is a "creditor" within the meaning of the statute. "Unlike debt collectors, creditors typically are not subject to the FDCPA." Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015) (citation omitted). The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).[3] "[U]nder the plain language of the FDCPA, a bank ... does not qualify as a 'debt collector' where the bank does not regularly collect or attempt to collect on debts 'owed or due another' and where 'the collection of any debts' is not 'the principal purpose' of the bank's business." Davidson, 797 F.3d at 1311 (citing § 1692a(6)).

The First Amended Complaint alleges that BANA extended a line of credit to Lima and attempted to collect on the debt

---

**3.** The FDCPA includes exceptions to this general definition. However, Lima has not established that any of the exceptions to the term "creditor" are applicable to BANA as they relate to her factual allegations.

owed to it after Lima did not pay. There is no allegation that BANA regularly collects debts owed to another or that debt collection is the principal purpose of BANA's business. Because Lima has not established that BANA is a debt collector as defined by the FDCPA, her claim against BANA fails.

■■■ Lima's FDCPA claim against the APA Defendants does not satisfy the third element because their verification of the debt was sufficient as a matter of law. Under § 1692g(b), if a consumer notifies the debt collector in writing of a dispute within thirty days of receiving the demand notice, collection of the disputed debt must cease until the debt collector obtains verification and mails it to the consumer. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (citing Azar v. Hayter, 874 F.Supp. 1314, 1317 (N.D. Fla.), aff'd, 66 F.3d 342 (11th Cir. 1995)). "No provision of the FDCPA has been found which would require a debt collector independently to investigate the merit of the debt, except to obtain verification, or to investigate the accounting principles of the creditor, or to keep detailed files." Azar, 874 F.Supp. at 1317.

Here, Lima's claim ostensibly rests on the allegations that the APA Defendants failed to provide her with a certified ledger accounting of the alleged debt from BANA and failed to provide a written validation of the debt to Lima's liking before resuming collection activities. Although the APA Defendants' verification letter did not include all of the items that Lima requested and otherwise failed to meet her satisfaction, the letter did contain all of the information required by statute. Lima's FDCPA claim

against the APA Defendants therefore must be dismissed.

## B. FCCPA

■■■ Lima has not stated a viable claim that Defendants violated Section 559.72(9) of the FCCPA. Section 559.72(9) provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). To succeed on such an FCCPA claim, the plaintiff must show that the person had "actual knowledge" that the right did not exist. Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1373 (S.D. Fla. 2011) (citation omitted); see also Schauer v. Morse Operations, Inc., 5 So.3d 2, 6 (Fla. Dist. Ct. App. 2009) ("The statute does not provide for recovery if the creditor merely should have known the debt was not legitimate."). The plaintiff cannot merely plead that the defendant had knowledge, but instead must plead sufficient factual allegations to show how the defendant had that knowledge. Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1312 (S.D. Fla. 2009). Additionally, Florida's litigation privilege precludes an FCCPA claim in federal court based solely on the defendant's filing of a collection action in Florida state court. See Gaisser v. Portfolio Recovery Assocs., LLC, 571 F.Supp.2d 1273, 1280 (S.D. Fla. 2008); see also Perez v. Bureaus Inv. Grp. No. II, LLC, No. 1:09-CV-20784, 2009 WL 1973476, at *3 (S.D. Fla. July 8, 2009) (holding that litigation privilege barred plaintiff's FCCPA claim based solely on the filing of state-court collection lawsuit).

■■■ Lima's FCCPA claim suffers from several fatal flaws. First, Lima does not state why the debt that Defendants sought to collect was illegitimate. The credit card

statements attached to the First Amended Complaint reflect that Lima did, in fact, owe a debt to BANA, and Lima fails to explain why the statements do not reflect the amounts that she legitimately owed. Second, even assuming *arguendo* that the debt is illegitimate, Lima has not pled sufficient facts to establish that Defendants had actual knowledge that she did not owe that debt. Finally, to the extent that Lima attempts to base her FCCPA claim on the filing of the state-court collection action, such a claim is barred by the litigation privilege.

### C. National Bank Act

Lima's National Bank Act claim cannot provide her with any relief. The Act, 12 U.S.C. § 24, does not create any private right of action and instead "merely lists the powers of a nationally-chartered bank." McDaniel v. Fifth Third Bank, No. 6:12-CV-1229-ORL-22, 2012 WL 8666847, at *4 (M.D. Fla. Nov. 6, 2012). It is well-established that "where the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties." Thompson v. St. Nicholas Nat. Bank, 146 U.S. 240, 251, 13 S.Ct. 66, 36 L.Ed. 956 (1892). Without any private right of action, Lima's National Bank Act claim fails as a matter of law as to all Defendants.

### D. Due Process Claims

Finally, Lima has not stated a valid due process claim against Defendants. The Fourteenth Amendment, and through it the Fifth Amendment, "erects no shield against merely private conduct, however discriminatory or wrongful." Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). Lima does not allege that Defendants, who are private parties, are state actors or have engaged in any state action. Therefore, the Fifth and Fourteenth Amendment due process protections do not apply to Defendants' activities as alleged, and the claim fails as a matter of law.

### IV. CONCLUSION

In sum, the allegations in the First Amended Complaint do not support the claims for relief asserted. It does not appear to the Court that any amendment to the present allegations could cure the defects inherent in Lima's claims, and therefore no leave to amend will be granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Bank of America, N.A.'s Motion to Dismiss Complaint [DE 25] is **GRANTED.**

2. Defendants Andreu, Palma, Lavin & Solis PLLC, Jorge L. Palma, and Juan G. Andreu's Motion to Dismiss Plaintiff's Amended Complaint [DE 34] is **GRANTED.**

3. The First Amended Complaint [DE 23] is **DISMISSED** for failure to state a claim upon which relief may be granted.

4. The Clerk of Court is directed to **CLOSE** this case and **DENY as moot** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of April, 2017.