[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13734
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01034-WFJ-CPT

ROSEMARY ARBUCKLE ANDERMAN,
CAROLYN ARBUCKLE PLATT,
MARILYN ARBUCKLE SCHEIDT,

Plaintiffs - Appellants,

versus

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
PHELAN HALLINAN DIAMOND & JONES, PLLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Plaintiffs—Rosemary Arbuckle Anderman, Carolyn Arbuckle Platt, and Marilyn Arbuckle Scheidt—appeal the dismissal of their complaint, filed on behalf of themselves and a putative class.  The plaintiffs alleged that JP Morgan Chase Bank and its law firm, Phelan Hallinan Diamond & Jones, PLLC, violated the Fair Debt Collection Practices Act by naming them in a state-court foreclosure action relating to their deceased brother's home.  The district court dismissed the plaintiffs' complaint, deciding that Chase was not a "debt collector" within the meaning of the FDCPA and that the conduct alleged in the complaint was not actionable under the FDCPA.  We agree with the district court and affirm.

## I

The parties are familiar with the facts, so we state them only briefly here. The plaintiffs are the sisters and heirs of Clinton Arbuckle, who passed away in 2012 while in default on his mortgage.  The promissory note and the mortgage both identify Chase as the lender and Clinton Arbuckle as the borrower.  Chase foreclosed on the mortgage and, in an amended state-court complaint (filed by its lawyers at Phelan), stated that the full amount was payable.  All of the plaintiffs here—Anderman, Platt, and Scheidt—were listed as foreclosure defendants. Chase's complaint alleged that each of the plaintiffs "may have or claim an interest in the property that is subject to this foreclosure action by virtue of being a possible

2

heir" of Clinton Arbuckle and that any such interest "is subordinate in time and inferior in right" to Chase's.

As relevant to the plaintiffs' claims, the foreclosure complaint requested that the state court enter a judgment foreclosing the mortgage and "retaining jurisdiction . . . to make any and all further orders and judgments as may be necessary and proper, including . . . the entry of a deficiency judgment if the proceeds of the sale are insufficient." The defendants also served Scheidt and Anderman a summons, which stated: "If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court."

The plaintiffs filed a federal class-action complaint against Chase and Phelan, alleging that the summons and state-court complaint violated the Fair Debt Collection Practices Act. The district court dismissed the plaintiffs' complaint. This is their appeal.

## II

"We review de novo a district court's interpretation of a statute." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312 (11th Cir. 2015). We also review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Reese v. Ellis, Painter, Ratterree &*

3

*Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012) (quotation omitted). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Davidson*, 797 F.3d at 1312 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). It cannot simply provide "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

### III

The plaintiffs' claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, which "was passed 'to eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and to promote consistent state action in protecting consumers against debt collection abuses." *Davidson*, 797 F.3d at 1312–13 (quoting 15 U.S.C. § 1692(e)). In their complaint, the plaintiffs allege violations of § 1692e, which prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." They also claim that the defendants violated § 1692f, which prohibits a "debt collector" from using "unfair or unconscionable

---

[1] To the extent that documents are attached to the complaint, "we treat them as part of the complaint for Rule 12(b)(6) purposes." *Reese*, 678 F.3d at 1215–16.

4

means to collect or attempt to collect any debt." To state a claim under the FDCPA then, "a plaintiff must allege, among other things (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese*, 678 F.3d at 1216.[2]

## A

The first issue is whether the plaintiffs have sufficiently alleged that Chase and Phelan are "debt collector[s]" under the FDCPA. The district court held that because Chase originated the debt at issue and sought to collect it on its own behalf, it was not a "debt collector." The court did not make a determination as to whether Phelan was a "debt collector," instead deciding that because the alleged conduct did not violate the FDCPA, the complaint did not state a claim against either Chase or Phelan.

For the plaintiffs to survive the motions to dismiss, they "must plead 'factual content that allows the court to draw the reasonable inference that' [Chase and Phelan are] 'debt collector[s]' under the FDCPA and therefore liable for the misconduct alleged." *Davidson*, 797 F.3d at 1313 (quoting *Iqbal,* 556 U.S. at 678). The FDCPA defines a "debt collector," in relevant part, as "any person" (1) "who uses any instrumentality of interstate commerce or the mails in any business the

---

[2] *Reese* arose in the context of § 1692e. 678 F.3d at 1216. But because both § 1692e and § 1692f use the term "debt collector" and refer to debt collection, we utilize the same inquiry.

principal purpose of which is the collection of any debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); *see also Reese*, 678 F.3d at 1218 (stating that a party can be a "debt collector" in these two ways).

First, we consider Chase.  The plaintiffs' complaint states that Chase meets the first definition of "debt collector" because "the principal purpose of its business is to collect on defaulted debts and because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  When compared with the FDCPA's definition of "debt collector," it appears that the plaintiffs simply restated the definition in their complaint, without alleging any factual support.  While their complaint "does not need detailed factual allegations," the plaintiffs must come forward with "more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  They have not.

Plaintiffs' next assertion—that Chase collects debts "owed or due another" and is therefore a "debt collector" under the second definition in the FDCPA—is contradicted by the facts alleged in the complaint.  The use of the word "another" in the statute indicates "that a person must regularly collect or attempt to collect debts *for others* in order to qualify as a 'debt collector' under the second definition of the term."  *Id.* at 1315–16.  But the complaint and attached documents confirm that Chase was seeking to foreclose on a mortgage that it, itself, originated.  The

6

plaintiffs' complaint states that "Mr. Arbuckle executed a promissory note and a mortgage securing payment of the note," and the promissory note attached to the complaint—which we may consider here, *see Reese*, 678 F.3d at 1215–16—shows Chase as the "Lender" and Clinton Arbuckle as the "Borrower." In attempting to foreclose on Clinton Arbuckle's mortgage, Chase was acting on its own behalf and cannot be considered as attempting to collect debts "owed or due another." Chase is the originating lender and is therefore exempt from the FDCPA's definition of "debt collector." *See* § 1692a(6)(F)(ii) ("The term ["debt collector"] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person.").

As to defendant Phelan, the complaint recites verbatim the same conclusory allegations that it does against Chase in arguing that Phelan is a "debt collector" and subject to the FDCPA. Although the district court did not specifically decide whether Phelan could be considered a "debt collector," we conclude that the plaintiffs' complaint fails to allege that Phelan is a "debt collector." The plaintiffs were required, but failed, to properly plead sufficient factual content showing that

either Phelan's "principal purpose" is debt collection or that Phelan "regularly

collects" debt that is "owed or due another."  *See* 15 U.S.C. § 1692a(6).[3]

**B**

But even if Chase and Phelan could be considered "debt collector[s]" under

the FDCPA, the plaintiffs have not sufficiently pleaded that the state-court

foreclosure complaint and summons "are an attempt to collect a 'debt' within the

meaning of the FDCPA."[4]  *Reese*, 678 F.3d at 1216.  We have acknowledged that

residential mortgage obligations qualify as "debt" for FDCPA purposes, *id.* at

1216–17 (stating that a "promissory note is a 'debt' within the plain language of

§ 1692a(5)"), and that the FDCPA applies to documents filed in litigation,

*Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295 (11th Cir. 2015)

("Absent a statutory exception . . . documents filed in court in the course of judicial

---

[3] The plaintiffs also assert that Chase and Phelan are debt collectors because "an entity attempting to collect on a consumer debt must be either a creditor or a debt collector," and because Chase and Phelan aren't creditors as to the plaintiffs they "necessarily must be . . . debt collector[s]."  Although it is true that "creditors typically are not subject to the FDCPA," *Davidson*, 797 F.3d at 1313, the fact that an entity is *not* a creditor does not make it a "debt collector" for FDCPA purposes.  In *Davidson*, we held that just because a person is not excluded from the definition of "debt collector," "the person *may* be a debt collector, but the person is not undoubtedly a debt collector; one of two statutory standards [under § 1692a(6)] still must be met."  *Davidson*, 797 F.3d at 1315.  As explained above, the plaintiffs have not alleged facts that Chase and Phelan fall within the statutory definition.

[4] It is not clear whether all three plaintiffs received both the complaint and the summons.  The complaint does not allege that Chase served Platt the summons, although it does allege that all three plaintiffs were served a copy of the complaint.  We will assume, without deciding, that all three plaintiffs received both the complaint and summons for the purposes of addressing (and rejecting) the plaintiffs' argument that the complaint and summons, when taken together, violated the FDCPA.

8

proceedings to collect on a debt . . . are subject to the FDCPA.").  To determine whether a communication is an attempt to collect debt, we examine its language. *Caceres v. McCalla Raymer, L.L.C.*, 755 F.3d 1299, 1302 (11th Cir. 2014).  In *Reese v. Ellis, Painter, Ratterree & Adams*, for example, we held that the letter at issue constituted an attempt to collect a debt because, in the letter, the lender's law firm demanded full and immediate payment, threatened attorneys' fees unless the borrowers paid, and outright stated that the law firm was "acting as a debt collector attempting to collect a debt."  678 F.3d at 1217 (emphasis omitted).

The state-court foreclosure complaint and the summons were not attempts to collect debt from the plaintiffs.  First, the foreclosure complaint did not seek a "deficiency" against the plaintiffs, as they allege.  The plaintiffs point to the clause (quoted in relevant part above) that requested that the state court retain jurisdiction over the matter to enter other orders, including, if necessary, a deficiency judgment.  This does not constitute an implicit or explicit demand for any payment from the plaintiffs.  While the foreclosure complaint elsewhere states that the "full amount payable under the Note and Mortgage [was] due and payable," the plaintiffs acknowledge in their FDCPA complaint that it was Clinton Arbuckle—not them—who signed and executed the promissory note and mortgage.  If the foreclosure complaint demanded payment at all, it was not from the plaintiffs.  The foreclosure complaint identified the plaintiffs as persons who "may have or claim

an interest in the property that is subject to this foreclosure action," not as persons against whom the bank was seeking a deficiency judgment.

The plaintiffs also point to a summons they received (quoted in relevant part above) that stated that the plaintiffs must respond to Chase's foreclosure complaint or risk adverse action. The language that the plaintiffs take issue with is form language provided by the Florida Rules of Civil Procedure. *See* Fla. R. Civ. P. Form 1.902. Like the foreclosure complaint, the summons does not constitute an implicit or explicit demand for the plaintiffs to pay any debt. It refers generally to consequences that may result from failing to respond to a complaint; and the foreclosure complaint at issue here simply joined the plaintiffs in the foreclosure action because they may have an interest in Clinton Arbuckle's property—not because they owed any payment.

*   *   *

In conclusion, the plaintiffs have failed to properly plead that Chase and Phelan are debt collectors under the FDCPA and that the conduct alleged was related to debt collection. *See Reese*, 678 F.3d at 1216. The district court therefore did not err in dismissing their complaint.

**AFFIRMED.**