[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12341

Non-Argument Calendar

_____

GLEN SCHOOLEY,

Plaintiff-Appellant,

*versus*

OPTION ONE MORTGAGE CORPORATION,
a.k.a. Sand Canyon Corporation,

Defendant,

LINDA FLOWERS,
SHARON CASON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cv-00219-AW-MJF

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Glen Schooley, proceeding *pro se*, appeals the dismissal of his third amended complaint against Option One Mortgage Corporation, Linda Flowers, and Sharon Cason for failure to state a claim and the denial of his request to amend his complaint for a fourth time. On appeal, he argues that he adequately pleaded a claim under the Consumer Financial Protection Act because the private attorney general statutes created a private right of action. He also argues that he adequately pleaded a claim under the Federal Debt Collections Practices Act because Option One acquired his mortgage after it was in arrears and was, therefore, a debt collector within the meaning of the FDCPA. He also argues that he adequately pleaded a claim of quiet title because Flowers's and Cason's names were incorrectly included on his mortgage documents as mortgagors. Finally, he argues that he should have been allowed to amend his complaint for a fourth time.

Because the district court properly dismissed Schooley's third amended complaint and did not abuse its discretion in denying his request to amend, we affirm.

## I.

We generally review a grant of a motion to dismiss *de novo*. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023). And we hold *pro se* pleadings to a "less stringent standard than pleadings drafted by attorneys," and liberally construe arguments in those pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A denial of a motion to amend a complaint is reviewed for an abuse of discretion. *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017).

## II.

The district court dismissed Schooley's CFPA and FDCPA claims for failing to state a claim, declined to exercise jurisdiction over his state law claim for quiet title, and dismissed his third amended complaint. Schooley first contends that the district court erred in dismissing his complaint because he properly stated claims under both statutes. He then argues that, even if his complaint was deficient, the district court should have permitted him to amend the complaint. We will address each argument in turn.

### A.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). And a *pro se* plaintiff's allegations are taken as true at the dismissal stage. *Brown v. Jackson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

The district court properly dismissed Schooley's CFPA claims. Under the CFPA, the Bureau of Consumer Financial Protection may file a civil action against any person who violates federal consumer financial law. 12 U.S.C. § 5564(a). "The Bureau may act in its own name and through its own attorneys in enforcing any provision of this title, rules thereunder, or any other law or regulation, or in any action, suit, or proceeding to which the Bureau is a party." *Id.* § 5564(b). The CFPA did not create a private right of action—only the Bureau can bring suits to address violations of consumer financial law. *Id.* § 5564(a). Even liberally construing the arguments in his brief, Schooley has failed to identify anything that would permit his claims under the CFPA as a private attorney general.

Likewise, the district court correctly dismissed Schooley's FDCPA claim because Option One is not a debt collector. As we've previously explained, the FDCPA applies only to "debt collectors." *Harris v. Liberty Cnty. Mgmt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012). And "not all who collect debts are 'debt collectors'" within the meaning of the statute. *Id.* Rather, a debt collector is a person who regularly attempts to collect the debts owed to *another*—it does not include "any person who offers or extends credit creating a debt or to whom a debt is owed." *Davidson v. Cap. One Bank*

*(USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (quotation marks omitted). In *Davidson*, we determined that even though Capital One acquired and sought to collect on a consumer's credit card debt after it was in default, it was not a debt collector because it collected debts owed to itself, not another. *Id.* at 1318. Because Schooley alleges that Option One was collecting on its own mortgage, not the debt of another, Schooley has not stated a claim under the FDCPA.

Additionally, to the extent Schooley raises arguments on appeal regarding the Truth in Lending Act, 15 U.S.C. § 1604(a), or the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605, 2617, we conclude that he cannot raise those claims because he did not include them in his complaint below. *See Tannenbaum*, 148 F.3d at 1263.

And lastly, because the district court dismissed Schooley's federal claims, it was within its discretion to decline to exercise supplemental jurisdiction over his remaining quiet title claim. *See* 28 U.S.C. § 1367(c)(3). Accordingly, we affirm the dismissal of Schooley's third amended complaint.

### B.

A party may freely amend his complaint once within 21 days. Fed. R. Civ. P. 15(a)(1). After that period has passed, the party must seek the opposing party's consent or the court's leave. *Id.* 15(a)(2). District courts should permit amendments "when justice so requires." *Id.* And a district court generally must give a *pro se* plaintiff at least one chance to amend his complaint before

dismissing the action with prejudice. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

The district court was within its discretion to deny Schooley's request. The court had already provided three opportunities to amend with explicit instructions from the magistrate judge on how to adequately plead his claims. Despite this guidance, Schooley repeatedly failed to plead a claim upon which relief could be granted. Accordingly, the district court did not abuse its discretion in denying Schooley's request to file a fourth amended complaint.

**III.**

**AFFIRMED.**